**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

Plaintiff,

v.

[2] JORGE LUIS GONZALEZ-RAMOS,

Defendant.

CRIMINAL NO. 12-594 (ADC)(HRV)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pending before the Court are *pro se* defendant Jorge Luis Gonzalez-Ramos' motions for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Docket Nos. 529 and 534). Defendant's compassionate release motions are based on the risks associated with the COVID-19 pandemic as well as his family circumstances. Mr. Gonzalez-Ramos contends that both grounds constitute extraordinary and compelling reasons warranting a sentence reduction to time-served. He further argues that the requested reduction in sentence is consistent with the 18 U.S.C. § 3553(a) factors. The United States opposed defendant's motions. (Docket No, 532, 535). The matter has been referred to me for report and recommendation. (Docket No. 566).

Mr. Gonzalez-Ramos accepted responsibility for his participation in a conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii) and 846. (Docket Nos. 312, 314). On February 5, 2015,

1

the Court sentenced him to a term of imprisonment of 168 months and a supervised release term of eight (8) years. (Docket Nos. 492, 493).

According to BOP records, Mr. Gonzalez-Ramos was released from the incarceration portion of his sentence on August 11, 2023. *See* https://www.bop.gov/inmateloc (last visited Mar. 5, 2024). Presumably, he has begun to serve his term of supervised release.

The so-called compassionate release statute allows a court acting on a defendant-filed motion—as long as such reduction is consistent "with applicable policy statements issued by the Sentencing Commission"—to

> reduce the term of imprisonment (and… impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

To grant a compassionate release motion, the court must find that a defendant has established three things: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) that relief is appropriate under the circumstances of the case after considering the applicable 18 U.S.C. § 3553(a) factors. *See United States v. Quiros-Morales*, 83 F.4th 79, 84 (1st Cir. 2023). Whether the reasons advanced by the defendant are extraordinary and compelling is "guided by the

plain meaning of those terms." *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st Cir. 2021).[1]

On the other hand, "Article III [of the United States Constitution] prohibits federal courts from deciding 'moot' cases or controversies—that is, those in which the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Union de Empleados de Muelles de Puerto Rico, Inc. v. Int'l Longshoremen's Ass'n*, 884 F.3d 48, 57 (1st Cir. 2018) (quoting *United States v. Reid*, 369 F.3d 619, 624 (1st Cir. 2004) (citation omitted)).  While a defendant's release from prison does not "automatically mean" a motion for compassionate release is moot if he is still subject to supervised release, said motion becomes moot if he "neither request[s] that the district court reduce his term of supervision nor advance[s] any argument that such a reduction is warranted." *United States v. McPherson*, No. 13 Cr. 362 (JPC), 2023 WL 8355358; 2023 U.S. Dist. LEXIS 214281, at *7-8 (S.D.N.Y., Dec. 1, 2023)(*quoting United States v. Chesnut*, 989 F.3d 222, 223 (2d Cir. 2021)).

Mr. Gonzalez-Ramos has not supplemented his compassionate release motions after his release.  Therefore, he has not requested a reduction of his term of supervised release, nor put the Court in a position to decide whether any such reduction would be

---

[1] In this case, it is questionable that the defendant would have been able to meet his burden of establishing extraordinary and compelling reasons warranting a reduction of his sentence.  For quite some time now, the risk of contracting the COVID-19 virus, standing alone, has not been a justification for granting compassionate release. *See United States v. Doe*, Cr. No. 18-10360-MLW, 2023 U.S. Dist. LEXIS 105316, at*2-3 (D. Mass. June 16, 2023)("The COVID-19 pandemic was extraordinary. However, it no longer constitutes the emergency that it once did.") Here, there is no evidence that the pre-existing medical conditions of the defendant placed him at a higher risk of death or that the BOP facilities where he was housed were ill-equipped to handle his becoming infected with the virus.

warranted in this case. The motions for compassionate release have become moot for there is no further relief that the Court can provide. *See United States v. Duran*, No. 09-cr-00339-JLT, 2023 WL 4209626, 2023 U.S. Dist. LEXIS 110719 (E.D. Cal. Jun. 27, 2023)(citing *United States v. Sanchez*, No. 16-CR-2077-BEN, 2021 U.S. Dist. LEXIS 242349, 2021 WL 5999764, at *1 (S.D. Cal. Dec. 17, 2021)).

In view of the above, I recommend that the motions for compassionate release at Docket Nos. 529 and 534 be DENIED as moot.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED**

In San Juan, Puerto Rico this 5th day of March, 2024.

S/Héctor L. Ramos-Vega  
HÉCTOR L. RAMOS-VEGA  
UNITED STATES MAGISTRATE JUDGE